979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rose M. HARDEN, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7052.
 United States Court of Appeals, Federal Circuit.
 Aug. 4, 1992.
 
 Before NIES, Chief Judge, PLAGER and CLEVENGER, Circuit Judges.
 ON MOTION
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and to dismiss Rose M. Harden's appeal for lack of jurisdiction. Harden opposes.
 
 
 2
 Harden married Edward E. Harden, a United States Army veteran, in 1969. This marriage ended in divorce in 1985. In 1989, the veteran died and Harden applied for dependency and indemnity compensation. The Department of Veterans Affairs (VA) twice denied her application stating that "under no circumstances can we grant a pension to a widow who is divorced from the veteran at the time of his death." Although Harden alleged that she was involved in a common law marriage with the veteran after their divorce, the VA informed her that common law marriages were not recognized in Tennessee. The Board of Veterans Appeals also denied her claim determining that the 1985 divorce precluded Harden from being recognized as the veteran's surviving spouse for VA benefits.
 
 
 3
 The Court of Veterans Appeals reviewed whether Harden was legally married to the veteran at the time of his death. The Court of Veterans Appeals relied on 38 C.F.R. § 3.1(j) which defines marriage as "a marriage valid under the law of the place where the parties resided at the time of the marriage, or the law of the place where the parties resided when the right to benefits accrued." Applying Tennessee law which does not recognize common law marriages, the court determined that "there was no marriage at the time of the veteran's death." The Court of Veterans Appeals granted the Secretary's motion for summary affirmance of the Board's decision.
 
 
 4
 The Secretary argues that Harden's appeal falls outside the narrow scope of this court's jurisdiction to review Court of Veterans Appeals decisions. We agree.
 
 
 5
 Although this court has jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing certain challenges to the application of the law to the facts of a case. Pursuant to 38 U.S.C.A. § 7292(d)(1) and (2) (West 1991), this court may only review challenges to the validity of a statute or regulation or the interpretation of a constitutional or statutory provision or a regulation that was relied on by the Court of Veterans Appeals in making the decision. Livingston v. Derwinski, 959 F.2d 224 (Fed.Cir.1992). This court may not review a challenge to a factual determination or a law or regulation as applied to the facts of a particular case unless the appeal presents a constitutional challenge. 38 U.S.C. § 7292(d)(1) and (2).
 
 
 6
 Harden's informal brief and opposition to the Secretary's motion to dismiss are difficult to understand. However, her primary concern appears to be prompt payment of the benefits she believes are due to her. She does not address the merits of the Secretary's motion to dismiss.
 
 
 7
 The Court of Veterans Appeals decision did not involve a challenge to the validity of a statute or regulation or a challenge the interpretation of a statute or regulation. Rather, the Court of Veterans Appeals applied the law to the facts of Harden's case. Accordingly, this court is barred from reviewing Harden's case. See Johnson v. Derwinski, 949 F.2d 304 (Fed.Cir.1991).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 The Secretary's motion to dismiss is granted.